On Motion to Dismiss the Appeal on the Ground oe Acquiescence.
The opinion of the court was delivered by
Breaux, J.
On the 19th day of May, 1887, defendant’s counsel applied for an order of [devolutive appeal, which was granted, returnable to this court on the first Monday in June, 1887.
The appeal was not completed.
In May, 1888, the first counsel in the case being no longer employed, other counsel presented a petition of appeal from the judgment, in'which it was alleged that the first appeal had not been perfected by giving bond and filing the transcript.
This appeal was made returnable to this court on the first Monday of June, 1887. A motion to dismiss]was filed on the ground that the defendant and appellant has acquiesced to the judgment.
In support of this motion a letter of the defendant to his attorney, dated the 30th of May, 1887, was filed, also the affidavit of the attor *761 ney who represented the defendant in 1887. There was also filed .an affidavit of defendant’s agent.
This evidence received the attention of our court at the time the ■case was submitted in June last-
With reference to the acquiescence and voluntary execution of the judgment alleged, it was held that unless the affidavits were rebutted or conclusively explained ‘ ‘ it seemed clear that appellant had lost his right of appeal.”
The case was remanded to the lower court, with instructions to the judge to hear evidence on the questions of abandonment and .acquiescence vel non.
The court’s decree having been complied with, the questions are before us for our decision.
In 1887 there were two suits pending before the court a qua. The first, entitled H. Ware and Son vs. N. S. Greenwood, instituted to reinstate a lost deed; the other, entitled H. Ware vs. A. M. Morris, was a petitory action.
In the former case, the plea of res adjudieata had been filed. It was overruled on the 18th May, 1887.
The day after, judgment on the merits was rendered in favor of the plaintiff.
In the other case, that of Ware vs. A. M. Morris, part of the same litigation, judgment was rendered in favor of the plaintiff on the 23d day of May, 1887.
The counsel who represented the defendant at the time, wrote to him about these suits. (In both he represented him.) The former is auxiliary to the latter. There can be no question that the letter written by the counsel was dated the 24th day -of May, 1887, the day after the judgment had been rendered.
The defendant testifies that he was advised that the plea of res adjudicata had been overruled, but that he did not receive any notice or the least information, after the judgment on the merits had become final.
The testimony of the attorney who, at the time, represented the defendant in these cases is different.
He states, “ I wrote N.S. Greenwood about the date of the judgment one or more letters, stating the status of the case.”
“ My letter to Greenwood was written after final judgment.”
To the best of his recollection he wrote full particulars, he says;
*762 In his answer to the letter of May 24, the defendant expresses disappointment at the result of his suit, and leaves it to his attorney to appeal or not. The attorney testifies that he had informed' the defendant of the hopelessness Of his case on appeal.
He had received the information, for he writes in this letter that “it seems that you hav'e no hope that the judgment can be reversed.”
Thus informed he nevertheless wrote to him and requested him not to appeal “ if you think there is no chance to reverse.”
It is contended that the letter from the attorney was written immediately after the plea of res adjudieata had been overruled, and not after judgment on the merits; that in consequence he could not be held to have acquiesced in a judgment respecting which he had not been informed.
The facts disclosed in the note of evidence preclude us from reaching the conclusion that the directions given and the statements made were not preceded by the least knowledge, on the part of the defendant, that a judgment against him had been rendered.
The attorney at the time employed declares: “I had no hope of' gaining the case on appeal, and it is my recollection that upon the receipt of the letter leaving the matter to my judgment, I acted as I thought to the best interest of my client and did not carry the appeal up.”
The agent of the defendant, after having consulted this attorney, directed the lessee of the defendant to pay the rental to plaintiff’s-counsel.
In accordance with'this direction the rental of the places for 188*7, 1888 and 1889 were paid to them. The then attorney and the agent of the defendant together delivered the property to plaintiff’s counsel.
Not the least objection was made.
The property was sold.
The sale was made after the counsel for the defendant had abandoned the appeal, and had informed the plaintiff that he did not intend to appeal.
The defendant authorized the abandonment of an appeal; those authorized have acted upon this authorization.
The rights resulting are fwits aceomplis; a condition which com *763 menced under defendant’s direction, and has became binding and irrevocable by his acquiescence.
The attorney has acted within the scope of his letter. His acts have not been repudiated, and therefore bind the principal.
The taxes assessed in 1887 were not paid'by the defendant. The property has been assessed in the name of those to whom plaintiff sold. The defendant has not given himself the least concern about, the assessment ¡or the taxes.
The special agent testifies that he was agent of the defendant for the years 1885, 1886 and 1887, and in that capacity leased the property involved in this litigation, and remitted the rents to him for all these years except the year 1887.
The principal never called on him for the rental of this year nor of subsequent years.
He surely knew that this rent had been collected, and the disposition made of the amount.
The agent testified that he wrote to him on the subject, and it is. not made evident that the information has not been received.
There is acquiescence; the judgment has been executed and the • right of appeal is lost.
The motion is granted, and the appeal is dismissed.
Judgment affirmed.